UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA UTLEY,<br><br>               Plaintiff,<br><br>     -v-<br><br>RICHELIEU AMERICA LTD.,<br><br>               Defendant. | Civil Action No. 18-cv-587<br><br>**NOTICE OF REMOVAL** |

Defendant Richelieu America Ltd., incorrectly sued as Richelieu America, Ltd., ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1132, 1441, and 1446 and hereby removes this action from the Supreme Court of the State of New York, County of Erie (the "Supreme Court") to the United States District Court for the Western District of New York. The basis for removal is as follows:

## BACKGROUND

1. On or about May 1, 2018, Plaintiff Jessica Utley ("Plaintiff" or "Utley") filed a lawsuit in the Supreme Court titled *Jessica Utley v. Richelieu America, Ltd.,* Index No. 806825/2018 (the "Action"). A true and correct copy of the Summons and Complaint, and all attached documents are attached hereto as **Exhibit A**.

2. Plaintiff alleges that she served Defendant Richelieu America Ltd. with a copy of the Summons and Complaint on May 4, 2018. A true and correct copy of the Affidavit of Service is attached hereto as **Exhibit B**. This Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings, orders and other documents served upon Defendant or filed or received in this action

by Defendant, as indicated in the attached Index of Documents, pursuant to Local Rule 81(a)(3)(A). *See* **Exhibit C**.

## VENUE AND JURISDICTION

4. According to the Complaint, this action arises because Plaintiff was allegedly discriminated against by Defendant on the basis of her military/veteran status, subjected to a hostile work environment based on her military/veteran status, and unlawfully retaliated against based upon that status. *See* Complaint at ¶¶ 62-100. Plaintiff asserts her claims under the New York State Executive Law and under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") as set forth in 38 U.S.C §§ 4301(3), 4311(a), 4311(b), and 4323(a)(2)(A). *See* Complaint at ¶¶ 62-100.

5. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. More specifically, this is an action in which all properly named parties are citizens of different states. Further, while Plaintiff has not pled a specific amount of damages, Plaintiff alleges in her Complaint that she is entitled to recover damages which exceed the jurisdictional limits of all lower state courts, and seeks damages for litigation costs, expenses, attorney fees, liquidated and/or special damages, and punitive damages, all which, taken as a whole, likely exceed $75,000, exclusive of interest and costs.

6. Diversity between parties exists where a plaintiff is not a citizen of the same state as any properly named defendant. Diversity is analyzed as of the time the complaint is filed and removal is effected. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *see United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square,* 30 F.3d 298, 302 (2d Cir. 1994).

7. In her Complaint, Plaintiff states that she "is an individual residing in the Town of Evans, County of Erie and State of New York." *See* Complaint ¶ 1. Accordingly, Plaintiff is a citizen of the State of New York for purposes of diversity jurisdiction.

8. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has defined a corporation's principal place of business as its "nerve center," where a "corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010). In practice, this location will be "where the corporation maintains its headquarters." *Id.* at 93.

9. Defendant Richelieu America Ltd. is a foreign business corporation organized under the laws of the State of Delaware. Defendant does not have a principal place of business in the United States. The principal place of business is located at 7900 Henri-Bourassa West, Montreal, Quebec H4S 1V4, Canada. (Godeau Decl., ¶ 4).[1]

10. In addition to diversity of citizenship, Plaintiff herself has alleged violations of USERRA in relation to her employment, so this Court has subject matter jurisdiction over the claims.

11. The Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Erie County, New York, which lies within this District.

12. Since the parties are completely diverse in citizenship, Plaintiff has asserted violations of Federal law, and Defendant has established by a preponderance of the evidence that

---

[1] References to the Declaration of Yannick Godeau, sworn to May 21, 2018, are cited to as "Godeau Decl., ¶ [number]." The Declaration of Yannick Godeau is attached as **Exhibit D.**

the amount in controversy exceeds $75,000, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and removal jurisdiction pursuant to 28 U.S.C. § 1441.

## NOTICE TO STATE COURT AND PLAINTIFF

13. Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal will be submitted for filing with the Clerk of the New York State Supreme Court, Erie County, and a copy of the Notice to State Court of Filing of Notice of Removal, without exhibits, is attached as **Exhibit E**.

14. Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal will be served on Plaintiff's Counsel, Samuel A. Alba, Esq., and a copy of the Notice to Adverse Party of Filing of Notice of Removal, without exhibits, is attached as **Exhibit F**.

15. Defendant files this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, Defendant prays that this action be removed to this Court, that this Court accept jurisdiction of this action and henceforth, and that this action be placed on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

Date:   May 22, 2018
        Fairport, New York

                                            */s/ Jacqueline Phipps Polito*
                                            Jacqueline Phipps Polito
                                            Abigail Giarrusso
                                            LITTLER MENDELSON, P.C.
                                            375 Woodcliff Drive, 2nd Floor
                                            Fairport, NY  14450
                                            jpolito@littler.com
                                            agiarrusso@littler.com
                                            585.203.3400

                                            Attorneys for Defendant
                                              RICHELIEU AMERICA LTD.