# EXHIBIT A

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT: ERIE COUNTY

JESSICA UTLEY
14 Mariano Parkway, Apt. 1
Derby, New York 14047

                                  Plaintiff,

v.

RICHELIEU AMERICA LTD.
7900 Boulevard Henri Bourassa West
Montreal
Quebec, Canada H4S1V-4

                                  Defendant.

SUMMONS

**JURY TRIAL DEMANDED**

VENUE is designated in **Erie County**, the County in which the Defendant does business, the location of the discrimination, and the County in which the Plaintiff resides.

Index No.:

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to serve upon PLAINTIFF'S attorneys the answer to the complaint in this action within twenty (20) days of service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

This action is brought in the County of Erie because it is the place in which the Defendant does business as well as the location where the discrimination occurred and because it is the County in which the Plaintiff resides.

Date: April 26, 2018

Respectfully,

Samuel A. Alba, Esq.
FRIEDMAN & RANZENHOFER, P.C.
74 Main Street
PO Box 31
Akron, NY 14001
(716)-542-5444

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

———————————————————————
JESSICA UTLEY            )
                         )   Index No. _____
           Plaintiff,    )
                         )   **COMPLAINT**
    -v-                  )   **AND DEMAND**
                         )   **FOR JURY TRIAL**
RICHELIEU AMERICA, LTD.  )
                         )
           Defendant     )
———————————————————————)

The Plaintiff, JESSICA UTLEY, by her attorneys, FRIEDMAN & RANZENHOFER, P.C., and for her complaint against Defendant, RICHELIEU AMERICA, LTD., to recover damages for (1) unlawful discriminatory practices in violation of NY CLS Exec §§ 296 *et. seq.* for veteran discrimination and employer retaliation; (2) violations of the Uniformed Services Employment and Reemployment Rights Act of 1964 ("USERRA") 38 U.S.C. § 4301, *et. seq.* for veteran discrimination and employer retaliation; (3) negligent employment and supervision of an unfit employee; (4) wrongful discharge on the basis of a protected status; and (5) negligent infliction of emotional distress.

## PARTIES

1. Plaintiff, JESSICA UTLEY (the "Plaintiff) was and still is an individual residing in the Town of Evans, County of Erie and State of New York.

2. Defendant RICHELIEU AMERICA, LTD. (the "Defendant") was and still is a foreign business corporation headquartered and incorporated in the State of Delaware and authorized to do business in the State of New York.

3

## JURISDICTION AND VENUE

3. Upon information and belief, all transactions, occurrences, the discrimination and retaliation, and references to the discrimination and retaliation herein occurred in the town of Cheektowaga, County of Erie, and State of New York.

4. The Defendant Corporation has established presence in the State of New York by virtue of its day-to-day business activities conducted within the State of New York and its authority to do business in the State of New York. Therefore, the Defendant has sufficient minimum contacts with the State of New York.

## PARTIES

5. The Plaintiff, Jessica Utley, was and is, during the relevant periods, a resident of the County of Erie and the State of New York.

6. The Plaintiff has been, for the relevant time period, a non-commissioned officer in the United States Armed Forces as a member of the United States Air Force.

7. The Plaintiff is a veteran of foreign wars and a covered employee for the purpose of the NYS Human Rights Law, NY CLS Exec §§ 296 et. seq., as well as for the purposes of USERRA 38 U.S.C. § 4301, et. seq.

8. Upon information and belief, the Defendant is a foreign business corporation duly authorized to do business in the State of New York and actively doing business in the State of New York.

9. The Defendant is a covered private employer under NYS Human Rights Law and USERRA.

4

## FACTS

10. The Plaintiff was hired by Defendant on or about January 21, 2016 as a Specifications Representative in the Buffalo, New York area and began her employment shortly thereafter.

11. The Plaintiff was hired because she was qualified for the position of Specifications Representative.

12. During the relevant time period, the Plaintiff performed all job duties and tasks associated with her position as Specifications Representative.

13. During plaintiff's job interview, she made it well known to the Defendant and all of the Defendant's agents, managers, and other employees, that she was a veteran of the United States Air Force and had previously served the United States in combat in Iraq and other foreign countries.

14. The Plaintiff served for eight years in active service with the United States Air Force and four years in the United States Air Force Reserves and was honorably discharged.

15. From January 21, 2016 to August 14, 2017, the Plaintiff did not have a single documented incident of poor performance for her work as a Specifications Representative.

16. From January 21, 2016 to August 14, 2017, the Plaintiff did not have a single unsatisfactory performance review for her work as a Specifications Representative.

17. During the time from January 21, 2016 to August 14, 2017, the Plaintiff had several ride-along evaluations with supervisor and manager, Francoise Dion.

18. Upon information and belief, Francois Dion was and is an agent of the Defendant tasked with the management, supervision and evaluation of the Plaintiff.

19. At some point in June of 2016, during a visit from Francoise Dion, the Plaintiff was told by Ms. Dion that she, "was not in the army anymore," and that she "had a real job now," and the Plaintiff could not act like she was in the army in this job.

20. The Plaintiff responded by indicating she was offended by this statement as she was in the U.S. Air Force and not the Army.

21. The Plaintiff did not receive a poor evaluation, was not placed on a performance improvement plan, and did not receive any adverse employment action whatsoever as a result of the June 2016 ride-along evaluation with Francoise Dion.

22. On or about August 14, 2017, the Plaintiff had a subsequent ride-along evaluation with supervisor and manager, Francoise Dion.

23. During the August 14, 2017 ride along the Plaintiff was scheduled to make two off-site presentations one at Kideney Architects at 2:00 p.m. and the other at Architectural Resources at 3:00 p.m.

24. Francoise Dion accompanied and supervised the Plaintiff at both presentations.

25. Both presentations went very well. At the first presentation, the Plaintiff asked an employee of Architectural Resources if they were a new employee because the Plaintiff had not previously met the employee. The employee responded they were not a new employee.

26. After the first presentation on August 14, 2017, Francoise Dion told the Plaintiff that she had just "cut her off at the knees" with the "new employee" comment.

27. The Plaintiff and Francoise Dion then attended a second appointment which went very well. However, after the appointment on the way back to the Plaintiff's vehicle, Francoise Dion said to the Plaintiff that she was "not in the Army anymore," and that she had a "harsh exterior from being in the army," and that the Plaintiff "has a real job now."

28. Francoise Dion also said "This is the second time I have had to tell you that you are not in the Army anymore and that you have a real job now."

29. The Plaintiff construed these comments to be a discriminatory insult against her because she was a veteran of foreign wars of the United States Air Force.

30. Upon information and belief, the Plaintiff felt she was being judged and penalized not on her work, but on her status as a veteran of foreign wars of the United States Air Force.

31. On August 15, 2017, the Plaintiff reported the discrimination which occurred on August 14, 2017 to Michael Carriere and Craig Ratchford and also attempted to call several other managers and left messages for these managers.

32. Michael Carriere was and is a Regional Manager of Sales for the Defendant and a supervising manager of the Plaintiff.

33. Craig Ratchford was and is the Vice President of Sales for the Defendant and a supervising manager of the Plaintiff.

34. The Plaintiff left a message for Michael Carriere and did not hear back. In the message the Plaintiff detailed what she perceived to be Francoise Dion's discrimination against Plaintiff's protected status as a veteran of the United States Armed Services.

35. The Plaintiff also left a message for several other managers and/or supervisors and did not hear back. In these messages the Plaintiff detailed what she perceived to be Francoise Dion's discrimination against Plaintiff's protected status as a veteran of the United States Armed Services.

36. When the Plaintiff spoke with Craig Ratchford she told him that she felt Francoise Dion was discriminating against the Plaintiff because of her status as a veteran of the United States Armed Services.

37.  Craig Ratchford advised the Plaintiff to try to deal with the discriminatory comments herself by telling Francoise Dion the comments upset the Plaintiff.

38.  Upon information and belief, Craig Ratchford also gave the Plaintiff permission to drop Francoise Dion off early if the discrimination continued.

39.  Later in the day on August 15, 2017, the Plaintiff picked up Francoise Dion for the second day of the ride-along evaluation.

40.  The Plaintiff promptly told Francoise Dion what was wrong and that she felt discriminated against based on her "harsh exterior" as a "veteran," and Francoise Dion responded that the Plaintiff was a "blamer," and proceeded to insult the Plaintiff in a hostile manner.

41.  The Plaintiff replied that she did not have to take this verbal abuse and would drop Francoise Dion off at her hotel and had permission to do so from Craig Ratchford.

42.  Francoise Dion replied that she was "not very happy at all," the Plaintiff had reported discrimination to Craig Ratchford.

43.  The Plaintiff then, following Craig Ratchford's instructions, dropped Francoise Dion off and went home for the day.

44.  Shortly after dropping Francoise Dion off, the Plaintiff received a telephone call from Craig Ratchford advising the Plaintiff to go home for the day and that she needed to work on "not being overly sensitive," and that he had spoken with Francoise Dion as well.

45.  The Plaintiff was also told that she needed to pick Francoise Dion up the next day.

46.  On August 16, 2017 and August 17, 2017, the Plaintiff endured two more ride-along evaluations with Francoise Dion in which the parties did not speak.

47.  Upon information and belief, all of the Plaintiff's off site visits on August 16, 2017 and August 17, 2017 went well and no issues were raised.

8

48. On August 17, 2017, the Plaintiff asked if Francoise Dion had any comments and was told by Francoise Dion, "no! I don't want any drama."

49. On September 19, 2017, the Plaintiff was placed on a performance improvement plan.

50. The Plaintiff's status as a veteran of the United States Armed Forces military was a motivating factor in the decision to place the Plaintiff on a performance improvement plan.

51. The Plaintiff's placement on the performance improvement plan was motivated by Defendant's retaliation for the Plaintiff reporting Francoise Dion's discriminatory comments.

52. The performance improvement plan inaccurately summarized the Plaintiff's job performance.

53. The performance improvement plan was drafted not to improve the Plaintiff's performance but as a means to terminate her employment for reporting Francoise Dion's discriminatory comments.

54. The performance improvement plan required either Craig Ratchford or Francoise Dion to have a weekly conference call or email with the Plaintiff.

55. From September 17, 2017 to the date of the Plaintiff's termination, the Plaintiff did not receive a single phone call or email regarding her performance or ways to improve the same from either Craig Ratchford or Francoise Dion.

56. On or about January 16, 2018, the Plaintiff was summoned to a meeting in the at the Defendant's Cheektowaga, New York office with Craig Ratchford and two other higher level managers where the Plaintiff's employment was terminated.

57. At the meeting, the Plaintiff was presented with a release proposing she release the Defendant from all claims of employment discrimination. The Plaintiff declined to sign this release.

58. Upon information and belief, on January 16, 2018, the Defendant also terminated Eric Evenhouse, a sales representative in the Cheektowaga, New York office.

59. Upon information and belief, Mr. Evenhouse was the only other veteran of the United States Armed Forces and Veteran of foreign wars employed by the Defendant in the Cheektowaga, New York office.

60. Since the incident of discrimination and her subsequent termination for reporting the same the Plaintiff has engaged in a course of mental health counseling and treatment.

61. Since the Plaintiff's termination she has been unable to find any suitable employment and remains out of work to the present day.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION – DISCRIMINATION AND RETALIATION FOR REPORTING DISCRIMINATION

62. Plaintiff repeats and realleges Paragraphs "1" through "61" as if fully set forth herein.

63. New York State Executive Law § 296(a) provides that an employee's "military status" as a veteran of a foreign war is protected class in the State of New York.

64. The Plaintiff is a veteran of foreign wars and thus within a protected class under New York State Executive Law § 296(a).

65. Upon information and belief, the Plaintiff was continuously employed by the Defendant from February 8, 2016 until January 16, 2018.

66. Upon information and belief, prior to August 14, 2017, the Plaintiff had not received any negative employee reviews, was not on a performance improvement plan, and by all accounts was a satisfactory employee.

67. Upon information and belief, on August 14, 2017, the Plaintiff reported harassing and discriminatory conduct which she had been subjected to by a manager, Francoise Dion, to that manager's supervisor, Craig Ratchford.

68. During the meeting with Craig Ratchford the Plaintiff was given permission to end her ride-along evaluation with Francoise Dion if the harassing and discriminatory comments persisted.

69. The harassing and discriminatory comments persisted and the Plaintiff attempted to address them with her manager, Francoise Dion, but the harassing and discriminatory comments only worsened.

70. The Plaintiff then ended the ride-along evaluation early and called the Manager's Supervisor, Craig Ratchford, to update him.

71. Despite Craig Ratchford's earlier promises, on this call, he told the Plaintiff she should not be "overly sensitive" and had to pick Francoise Dion up the next day for another ride-along evaluation.

72. In retaliation for reporting the aforementioned discrimination and harassment, the manager, Francoise Dion, and her supervisor, Craig Ratchford, then placed the Plaintiff on an unwarranted performance improvement plan.

73. Upon information and belief, neither the manager, Francoise Dion, nor her supervisor, Craig Ratchford, followed the performance improvement plan which required weekly check-in calls and emails. No check-in calls or emails ever occurred.

11

74. In further retaliation for reporting the aforementioned discrimination and harassment, the Plaintiff was terminated as soon as her performance improvement plan time period concluded.

75. The foregoing acts of the Defendant and its employees amount to unlawful discrimination in violation of New York State Executive Law § 296.

76. The foregoing acts of the Defendant and its employees amount to unlawful retaliation for reporting unlawful employee discrimination in violation of New York State Executive Law § 296.

77. The actions of the Defendant and its employees were wanton and reckless, with malice and without reason or basis, and were arbitrary, capricious, and unfounded.

78. Based on the foregoing wrongful discharge of the Plaintiff by the Defendant and its employees, Plaintiff has suffered loss of income and benefits, retirement benefit, health insurance, and was cause mental and physical anguish, loss of enjoyment of life, and emotional distress, all to her detriment and proximately caused by the Defendant and its employees discrimination and harassment as well as the retaliation for reporting the same.

79. Upon information and belief, any reason advanced by the Defendant for the Plaintiff's termination is a pretext for discrimination and retaliation.

80. There are no exhaustion requirements or administration remedies required under New York State Executive Law § 296.

81. The foregoing acts of the Defendant and its employees amount to unlawful discrimination in violation of New York State Executive Law § 296.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION – DISCRIMINATION AND RETALIATION IN VIOLATION OF USERRA

82. Plaintiff repeats and realleges Paragraphs "1" through "81" as if fully set forth herein.

83. USERRA exists to help "to prohibit discrimination against persons because of their uniformed service." 38 U.S.C. §4301(3).

84. USERRA states that a "person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation." 38 U.S.C. § 4311(a).

85. USERRA further restricts employers from discriminating against protected veterans: "An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter... or (4) has exercised a right provided for in [USERRA]." 38 U.S.C. § 4311(b).

86. There are no exhaustion requirements or administration remedies required under USERRA. 38 U.S.C. §4323 (a)(2)(A).

87. Moreover, 20 CFR Part 1002, page 72546, requires that the provisions of USERRA are "to be liberally construed for the benefit of those who left private life to serve their country in its hour of great need." See also, 20 CFR 1002.7 ("USERRA establishes a floor, not a ceiling, for the employment and reemployment rights and benefits of those it protects. In other words, an

13

employer may provide greater rights and benefits than USERRA requires, but no employer can refuse to provide any right or benefit guaranteed by USERRA.").

88. Defendant's failure to provide the Plaintiff with a veteran discrimination free work environment and subsequent retaliation against the Plaintiff for reporting veteran discrimination through the unnecessary performance improvement plan and violated the rights afforded plaintiff under USERRA, 38 U.S.C. §§4301, et. seq.

89. Upon information and belief, the sole basis for the Plaintiff's performance improvement plan and termination is the Defendant's retaliation in response to the Plaintiff asserting her rights USERRA.

90. The actions of the Defendant and its employees were wanton and reckless, with malice and without reason or basis, and were arbitrary, capricious, and unfounded.

91. Upon information and belief, any reason advanced by the Defendant for the Plaintiff's termination is a pretext for discrimination and retaliation.

92. As a legal result of the above-described conduct of defendants, plaintiff suffered incidental, consequential, liquidated and/or special damages, and will sustain attorneys' fees and costs in an amount according to proof.

## AS AND FOR A THIRD CAUSE OF ACTION – NEGLIGENT SUPERVISION AND RETENTION OF AN UNFIT EMPLOYEE

93. The Plaintiff repeats and realleges Paragraphs "1" through "92" as if fully set forth herein.

94. The Defendant had a duty to provide Plaintiff with a safe workplace, free of discrimination and harassment.

95. The Defendant had both actual and imputed knowledge of its employee, Francoise Dion's, discriminatory acts and statements towards the Plaintiff and, upon information and belief, towards others, and the undue risk of harm which the Defendant exposed the Plaintiff to.

96. Despite the foregoing, the Defendant failed to take adequate steps to determine the fitness of the Plaintiff's Manager, Francoise Dion, failed to adequately supervise the Plaintiff's manager and deliberately retained the Plaintiff's Manager.

97. Moreover, after the Craig Ratchford, the vice-president of sales for the Defendant, was advised of employee Francoise Dion's discriminatory comments by the Plaintiff, rather than take action to protect the Plaintiff from further discrimination, he ordered her to return to work with Francoise Dion and to stop being overly sensitive.

98. As a proximate result of the Defendant's duty to supervise, the Plaintiff has suffered incidental, consequential, liquidated and/or special damages, and will sustain attorneys' fees and costs in an amount according to proof.

99. The actions of the Defendant and its employees were wanton and reckless, with malice and without reason or basis, and were arbitrary, capricious, and unfounded.

100. Upon information and belief, any reason advanced by the Defendant for the Plaintiff's termination is a pretext for discrimination and retaliation.

## AS AND FOR A FOURTH CAUSE OF ACTION – WRONGFUL DISCHARGE ON THE BASIS OF PROTECTED STATUS

101. The Plaintiff repeats and realleges Paragraphs "1" through "100" as if fully set forth herein.

102. On or about January 16, 2018, the Plaintiff was informed by the Defendant that she was terminated.

103. The reasons advanced by the Defendant and its employees for the Plaintiff's termination and the previous performance improvement plan are a pretext for discrimination against the Plaintiff predicated upon her protected status as a veteran of the United States Armed Forces and a veteran of foreign wars.

104. The foregoing acts of the Defendant its employees constitute unlawful discrimination in violation of New York State Executive Law § 296 and USERRA.

105. The actions of the Defendant and its employees were wanton and reckless, with malice and without reason or basis, and were arbitrary, capricious, and unfounded.

106. As a proximate cause of the foregoing, the Plaintiff has suffered incidental, consequential, liquidated and/or special damages, and will sustain attorneys' fees and costs in an amount according to proof.

### AS AND FOR A FIFTH CAUSE OF ACTION NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

107. The Plaintiff repeats and realleges Paragraphs "1" through "106" as if fully set forth herein.

108. As set forth herein, the Defendant and its employees engaged in a course of discriminatory and harassing conduct directed at the Plaintiff.

109. As set forth herein, the Defendant and its employees wrongfully retaliated against the Plaintiff in response to her earnest reporting of the discriminatory and harassing conduct she was enduring.

110. As set forth herein, the Defendant and its employees wrongfully terminated the Plaintiff as a result of her status as a protected member of the United States Armed Forces and a veteran of foreign wars and/or because she reported the harassment and discriminatory conduct of the Defendant's employees.

111.	The veteran discrimination and subsequent retaliation discussed herein was the proximate cause of the Plaintiff's emotional injuries and damages.

112.	As a result of the foregoing, the Plaintiff has engaged in a course of counseling for mental health issues which continues to the present day.

113.	The injuries and damages suffered by the Plaintiff were caused in whole by the Defendant and its employees' negligence and carelessness, and without any contributory negligence on the part of the Plaintiff.

114.	As a proximate cause of the foregoing, the Plaintiff has suffered incidental, consequential, liquidated and/or special damages, and will sustain attorneys' fees and costs in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JESICA UTLEY seeks the following relief:

A.  On the Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action against the Defendant.

   i.   Actual damages in the amount which exceeds the jurisdictional limits of all lower courts for lost wages and benefits, health insurance, pain and suffering from mental anguish and emotional injury;
   ii.  Litigation costs, expenses, and attorney's fees which continue to accrue and attorneys' fees available under 42 U.S.C. § 1988;
   iii. Liquidated and/or special damages;
   iv.  Punitive damages;
   v.   All relief and statutory damages allowable by the New York State Executive Law and USERRA; and

B.  Any such other relief as this Court deems just and proper.

## JURY DEMAND

A.  Plaintiff demands a jury trial.


Dated: Akron, New York
       April 26, 2018


Respectfully Submitted,

**FRIEDMAN & RANZENHOFER, P.C.**
Attorney(s) for the Plaintiff
*By:*   Samuel A. Alba Esq.
74 Main Street, P.O. Box 31
Akron, New York 14001
T: 716.542.5444
F: 716.542.4090 (Not for Service)

# VERIFICATION

STATE OF NEW YORK  )
COUNTY OF ERIE     )

    JESSICA UTLEY, being duly sworn, deposes and says as follows: I am the Plaintiff in the above entitled proceeding; I have read the foregoing Verified Complaint and know the contents thereof is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as those matters, I believe to be true.

_____
JESSICA UTLEY

Sworn to before me this
26th day of April, 2018

_____
Notary Public

SAMUEL A. ALBA
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 3/30/2018